UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:15-cr-175-GZS |
| JOEL A. SABEAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO SEVER**

Before the Court is Defendant's Motion to Sever (ECF No. 25). Defendant Joel Sabean has been charged in a 58-count indictment with five counts of tax evasion (Counts 1-5), fifty-two counts of unlawful distribution of controlled substances via prescription fraud (Counts 6-57), and a single count of health care fraud (Count 58). Via the Motion to Sever, he asks for a separate trial on his five counts of tax evasion arguing impermissible joinder and, alternatively, severance based on undue prejudice. For reasons briefly explained herein, the Court DENIES the Motion.

**I.    STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 8 provides that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The First Circuit has previously explained that Rule 8 is "construed . . . generously in favor of joinder" with "similarity" assessed in terms of "how the government saw its case at the time of indictment." United States v. Boulanger, 444 F.3d 76, 87 (1st Cir. 2006) (internal citations and quotations omitted).

Federal Rule of Criminal Procedure 14 provides that the court may sever the offenses contained in a single indictment for trial if joinder "appears to prejudice" the defendant. Fed. R. Crim. P. 14(a). The First Circuit has generally required "a strong showing of prejudice" in order to sever counts for trial. See United States v. Jordan, 112 F.3d 14, 16 (1st Cir. 1997) (*quoting* United States v. Gray, 958 F.2d 9, 14 (1st Cir. 1992)). In discussing the types of prejudice that can meet this mark, the First Circuit has recognized three scenarios:

> (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

Jordan, 112 F.3d at 16; see also United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008).

## II.   DISCUSSION

The Tax Evasion Counts (Counts 1-5) in the pending Indictment allege that Dr. Sabean overstated his Schedule A deduction resulting in an understatement of his taxable income and the amount of income tax due. These offenses allegedly occurred between October 21, 2009 and October 18, 2013. The overstated deductions related to medical expenses and were allegedly supported by false medical expense receipts Dr. Sabean obtained from a family member, Shannon Sabean. The Prescription Fraud Counts (Counts 6-57) allege that Dr. Sabean unlawfully issued prescriptions to Shannon Sabean outside the course of professional practice and without legitimate medical purpose. These offenses allegedly occurred between December 15, 2010 and January 4, 2014. The Health Care Fraud Count (Count 58) alleges that Dr. Sabean issued prescriptions in the name of one family member, who was covered by an Aetna insurance plan, knowing that the prescriptions were being picked up and utilized by Shannon Sabean, who was not covered under that Aetna plan. This alleged scheme took place between March 28, 2010 and Decemebr 9, 2012.

It is readily apparent that all of these charges relate to the same time period and involve similar issues related to the medical conditions and medical treatment received by Shannon Sabean. As laid out in the Government's proffer in response to this Motion, it is also clear that all of the charges were allegedly part of a common scheme, will involve the same key witnesses, and require the jury to make the same assessment as to the credibility of those witnesses. Thus, the Court finds that Rule 8's rather low bar is met. The only question that remains is whether Defendant has presented a strong showing of prejudice to justify severance. The Court concludes he has not.

Citing United States v. Shellef, 507 F.3d 82 (2d Cir. 2007), Defendant maintains that the joinder of the Tax Evasion Counts with the Prescription Fraud and Healthcare Fraud Counts can only be proper if the Government can show that "the tax offenses arose directly from the other offenses charged." (See Def. Mot. to Sever (ECF No. 25) at 3-6; Def. Reply (ECF No. 39) at 3.) While Shellef does not reflect precedent that is binding on this Court, the Shellef case is also distinguishable from this case. See 507 F.3d at 98-100. In this case, the Government's proffered motive does link the tax counts with the other fraud counts. Moreover, the Court concludes that the evidence regarding Defendant's issuance of prescriptions for use by Shannon Sabean would be admissible under F.R.E. 404(b) & 403 in a trial on only the Tax Evasion Count. The Court is similarly satisfied that the "common scheme" proffered by the Government makes this case distinguishable from United States v. Randazzo, 80 F. 3d 623 (1st Cir. 1996), and the First Circuit's decision in Jordan. Cf. Jordan, 112 F.3d at 18 (finding that tax return "evidence presented would not have been admissible at a separate trial"); Randazzo, 80 F. 3d at 627 ("The misconduct underlying the shrimp counts and the improper claiming of expenses on the returns were not part of the same 'scheme or plan' in any sense of the phrase.") In short, none of the prejudicial

scenarios previously recognized by the First Circuit as justifying severance are presented here. See Jordan, 112 F.3d at 16.

Finally, Defendant's argument regarding the different intent elements of the separate charges does not support severance. Rather, the Court concludes that this type of juror confusion can be avoided by clearly instructing the jury. See United States v. Baltas, 236 F.3d 27, 34 (1st Cir. 2001) (explaining how a trial court may use jury instructions to prevent potential spillover prejudice).

### III. CONCLUSION

Concluding that Defendant cannot meet his burden of showing that a single trial on the pending Indictment would result in substantial prejudice that could be avoided by holding separate trials on Counts 1-5 and Counts 6-58, the Motion to Sever is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 29th day of September, 2016.