UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:15-cr-175-GZS |
| JOEL A. SABEAN, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF GARY HATFIELD, M.D.**

Before the Court is Defendant's Motion in Limine to Exclude Certain Testimony of Gary Hatfield, M.D. (ECF No. 76). As briefly explained herein, the Motion is GRANTED IN PART and DENIED IN PART.

In connection with the pending Motion, the Court has reviewed Dr. Hatfield's September 7, 2016 expert report (ECF No. 76-1), which contains a summary of his proposed testimony. By way of qualifications, Dr. Hatfield has practiced internal medicine in Maine since 1989. As noted in his curriculum vitae (ECF No. 76-2), he served on the Maine State Board of Licensure in Medicine from 2001 to 2013.

Invoking Federal Rule of Evidence 702, Defendant asks this Court to restrict Dr. Hatfield's testimony in four areas: (1) the standard of care applicable to dermatologists; (2) the American Medical Association's (AMA) ethical guidelines for treating family members; (3) relevant provisions of the Controlled Substances Act (CSA), 21 U.S.C. §§ 801 et seq.; and (4) the Defendant's state of mind regarding the legitimacy of the medical treatment received by his daughter. To aid the parties in preparing for trial, the Court provides the following pretrial rulings on Defendant's objections to Dr. Hatfield's testimony regarding each of these four areas.

**(1) Standard of Care Applicable to Dermatologists**

Defendant's objection is overruled.  The Court notes that Counts 6 through 58 will require the jury to consider and determine whether Defendant issued each of the prescriptions charged "outside the usual course of professional practice."  United States v. Limberopoulos, 26 F.3d 245, 249 (1st Cir. 1994); see also 21 C.F.R. § 1306.04 ("A prescription for a controlled substance . . . must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.").  Given this standard, the Court concludes that Dr. Hatfield's testimony on the applicable standard of care is undoubtedly relevant.  See United States v. Wexler, 522 F.3d 194, 204 (2d Cir. 2008) ("While failure to comply with the standard of care applicable to a medical specialty does not alone provide a basis for concluding that a physician's activities fall outside the usual course of professional practice, it surely is relevant to that determination. Evidence of such failure to comply is relevant because it makes that conclusion more probable than it would have been without the evidence.")  Moreover, the Court is satisfied that Dr. Hatfield's background and training give him expertise regarding the standard of care of physicians generally and the standard of care that would apply to a specialty area of practice.  Therefore, the Court will allow Dr. Hatfield to testify regarding the standard of care applicable to a dermatologist and opine on whether the conduct alleged in this case falls within that standard.

**(2) AMA Ethical Guidelines on the Treatment of Family Members**

Defendant's objection is overruled.  To the extent that Defendant objects to Dr. Hatfield's testimony including a summary of the AMA's guideline on the treatment of immediate family members, the Court concludes that such testimony will assist the jury in determining whether the conduct charged in Counts 6 through 58 falls "outside the usual course of professional practice." Limberopoulos, 26 F.3d at 249.  As explained in the Government's Response, the AMA ethical

guidelines are recognized as a "primary source[ ]" by the Maine Board of Licensure in Medicine even if they are not explicitly adopted as regulations governing all Maine physicians.  (See Gov't Response (ECF No. 81) at 7.)  Defendant's outlined objection on this point is a matter that his counsel is free to explore on cross-examination.  (See Def. Reply (ECF No. 91) at 5.)  However, the Court is satisfied that these AMA guidelines are relevant and will allow Dr. Hatfield to testify regarding the AMA guideline regarding providing medical care to family members.

### (3) Applicable Provisions of the CSA

Defendant's objection is sustained in part.  With respect to the CSA-related testimony, the Government indicates that it also anticipates calling a DEA representative to testify regarding the regulations governing prescriptions for controlled substances.  (See Gov't Response at 5 n.1.) Given that other available witness, the Court instructs the Government to limit Dr. Hatfield's testimony to discussing his professional understanding of the fact that the CSA applies to physicians while leaving the CSA details to the DEA witness.

### (4)  Defendant's State of Mind

Defendant's objection is sustained.  The Court notes that, in response to the pending Motion, the Government has indicated it does not intend to ask Dr. Hatfield "to opine on the defendant's state of mind when he wrote the prescriptions at issue."  (Gov't Response at 7-8.) Given this concession, the objection is sustained to the extent that the Government shall not ask Dr. Hatfield any question regarding the subjective mental state of the Defendant without first raising the issue outside the presence of the jury.  See F.R.E. 704(b).

For the reasons just stated, Defendant's Motion is hereby GRANTED IN PART and DENIED IN PART.  These rulings are made WITHOUT PREJUDICE to Defendant renewing any of his objections during Dr. Hatfield's trial testimony.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 18th day of October, 2016.