## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:15-cr-175-GZS |
| JOEL A. SABEAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER ON DEFENDANT'S MOTION REGARDING
### THE RECEPTION OF EVIDENCE

Before the Court is Defendant's Motion Regarding the Reception of Evidence Subject to the Court's Sealed Order (ECF No. 70). By this Motion, Defendant asks this Court to conduct a hearing outside the presence of the jury pursuant to F.R.E. 103(d) & 104(c). The Motion is hereby DENIED.

To the extent that Defendant's Motion can be read as seeking reconsideration of the rulings contained in the Court's September 30, 2016 Order (ECF No. 65), as is argued in the Government's Response (ECF No. 79), the Court finds no basis for reconsidering its prior rulings. Rather, the Court reaffirms its prior conditional finding that a reasonable jury could believe Shannon's Allegations. See, e.g., Weinstein's Federal Evidence § 104.30 at 104-52 (2015) ("Under Rule 104(b), however, the judge's determination is conditional only; the jury ultimately decides these questions as part of determining the defendant's guilt of the crime charged.")

Putting the reconsideration issue aside, on the present record, the Court declines to find that this case is so exceptional that justice requires that this Court hear the full trial testimony of the witness in question before the witness testifies to the jury. See F.R.E. 104(c)(3). The Court

has already determined that Shannon's Allegations are admissible evidence. As a result, the Court has fulfilled its obligations under F.R.E. 103(d) to the extent that those obligations can be fulfilled before trial. Absent any proffer that the testimony related to Shannon's Allegations will be significantly different from the grand jury testimony already submitted to the Court under seal, the Court finds no basis to conduct the voir dire sought by Defendant. The Court recognizes that Defendant maintains that "Shannon's testimony is likely to change dramatically." (Def. Reply at 1.) However, at this pretrial stage, the Court finds that Defendant will have ample opportunity to cross-examine this witness regarding her credibility and any differences between her testimony at trial and any prior testimony.[1] The Court, therefore, concludes that a hearing conducted pursuant to F.R.E. 104(c)(3) would serve only to needlessly delay the presentation of evidence and potentially harass a government witness. See F.R.E. 611(a).

Therefore, the Court DENIES the pending Motion but notes that this denial is WITHOUT PREJUDICE to Defendant renewing his objection during trial. Defendant remains free to submit a proposed cautionary instruction by October 28, 2016, along with a proposal regarding when the Court should give his proposed cautionary instruction. To the extent that the Government objects to any proposed cautionary instruction plan submitted by Defendant, the Court ORDERS that the Government file its objection on the docket within 48 hours of Defendant's filing.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of October, 2016.

---

[1] Moreover, the Court disagrees with Defendant's blanket assertion that "the jury will never be able to 'unhear' [the] testimony." (Def. Mot. at 3.) Rather, to the extent that any testimony is stricken from the record, the Court presently is satisfied that a properly instructed jury will be able to disregard that testimony.

2